**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| BRUSH DENTISTRY, PLLC § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. _____ |
| § | |
| DR. PHUONG PHAM d/b/a § | |
| BRUSH DENTISTRY § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff, Brush Dentistry, PLLC (hereinafter "Plaintiff" or "Brush Dentistry") and files this Original Complaint against Dr. Phuong Pham (hereinafter "Defendant" or "Dr. Pham"), doing business as "Brush Dentistry," and pleads and alleges as follows:

## SUMMARY OF THE CASE

1. In May 2011, Jennifer Libling formed and registered the Texas corporate entity Brush Dentistry, PLLC. By October 2011, this entity began conducting business and advertising its dental practice to potential customers using the trademark BRUSH DENTISTRY in Texas. Plaintiff continues to conduct business and advertise to the public through its Brush Dentistry™ mark today. In conjunction with the business entity, Plaintiff also registered and created a website located at www.brushdentistry.com whereby it advertises its cosmetic and family dentistry services.

2. On or about April 26, 2016, an individual named Phuong Pham registered the domain name for the website www.mybrushdentistry.com. This website advertises a dental practice under the name "Brush Dentistry" – a name that is not only strikingly similar to Plaintiff's business name and trademark, but is *identical* to it and for the same type of business.

3. On information and belief, Dr. Phuong Pham has been conducting business as "Brush Dentistry" in Texas since April 2016. Dr. Pham's actions therefore constitute intentional and willful infringement of Plaintiff's trademark and related intellectual property rights. Dr. Pham's actions also constitute unfair competition in the State of Texas. Moreover, Dr. Pham's actions have resulted in, and likely will continue to result in, confusion in the relevant marketplace. This has and will continue to cause substantial damages to Plaintiff.

4. In September 2016, Plaintiff sought to resolve this matter with Dr. Pham before filing this lawsuit, but Dr. Pham has failed to take any actions to cease using Plaintiff's trademark. He continues to conduct business using the "Brush Dentistry" name in Texas and on the website. Brush Dentistry, PLLC now files this suit to protect its reputation and its trademark rights for its own benefit and for the benefit of Plaintiff's customers and potential clients.

## THE PARTIES

5. Plaintiff, Brush Dentistry, PLLC is a professional limited liability company registered in the State of Texas. Brush Dentistry conducts business at its office address of 1100 N. Blue Mound Road, Suite 100, Saginaw, Texas 76131.

6. Defendant, Dr. Phuong Pham d/b/a "Brush Dentistry," is an individual Texas resident conducting business in Texas. Dr. Pham may be served at his place of business, 3535 Rayford Rd., Suite 300, Spring, Texas 77386.

## NATURE OF ACTION AND JURISDICTION

7. This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, in addition to state and common law trademark infringement and unfair competition pursuant to Tex. Bus. & Com. Code § 16.29, and through the common law of the State of Texas.

8. This Court has jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over Plaintiff's related state law claims under 28 U.S.C. § 1367(a).

9. This Court has personal jurisdiction over Defendant Dr. Phuong Pham d/b/a "Brush Dentistry" because Dr. Pham resides within this judicial district and also conducts business in this judicial district. Furthermore, the conduct complained of herein also occurred within this judicial district.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## BACKGROUND AND RELEVANT FACTS

**A.    Origins of the BRUSH DENTISTRY Mark(s) and Domain Name Registrations.**

11. Plaintiff Brush Dentistry, PLLC has been actively conducting business in Texas since at least October 2011 using the BRUSH DENTISTRY trademark in conjunction with its goods and services offered to the public. Brush Dentistry is the senior user of the relevant trademark(s).

12. Based on public record, Defendant Dr. Phuong Pham d/b/a "Brush Dentistry" has only been conducting business in Texas under that name since April 2016 at the earliest. Plaintiff has never consented to or licensed the rights to use its BRUSH DENTISTRY trademark to Dr. Pham. Dr. Pham is therefore the unauthorized junior user of the relevant mark(s).

13. Both Brush Dentistry, PLLC and Dr. Pham offer general family dentistry services to the consuming public.

14. On May 19, 2011, on behalf of Brush Dentistry, PLLC, Jennifer Libling registered the website and domain name address of brushdentistry.com.[1] Plaintiff has been using that website as a means of advertising to the relevant public and conducting business in Texas

---

[1] https://whois.icann.org/en/lookup?name=brushdentistry.com

and elsewhere in commerce since that time. This website has at all times used the name and trademark BRUSH DENTISTRY in association with the goods and services it offers.

15. On or about October 2011, Plaintiff Brush Dentistry opened a physical location for its dental services at 1100 N. Blue Mound Road, Suite 100, Saginaw, Texas 76131. It has been offering dental services to customers and potential customers at this location since that time.

16. On April 26, 2016, Dr. Pham registered the domain name mybrushdentistry.com. He registered the domain name on his individual behalf with a mailing address of 3535 Rayford Rd., Suite 300, Spring, Texas 77386.[2] Dr. Pham's current office is located at this same address. It appears that Dr. Pham has been using this website to advertise his "Brush Dentistry" business to customers in Texas and elsewhere in commerce since that time.

17. Defendant cannot reasonably dispute that he was aware of Plaintiff's business and related BRUSH DENTISTRY trademark as of April 26, 2016. It would defy belief for Defendant to assert that he did not first seek to register brushdentistry.com as a domain name on that date. Invariably, Defendant realized at that time that Plaintiff had already acquired and had been using the domain name brushdentistry.com in association with its business since 2011. Instead of using a different name, brand, or trademark for his business, Dr. Pham forged ahead and registered the mybrushdentistry.com domain, certainly aware of Plaintiff's prior name and domain name registration. He conducts business as "Brush Dentistry." Dr. Pham has therefore knowingly been using (without permission) the identical "Brush Dentistry" mark for his business in Texas and has essentially dared Plaintiff to file this very lawsuit.

---

[2] https://whois.icann.org/en/lookup?name=mybrushdentistry.com

**B.      Evidence of Confusion in the Marketplace**.

18.     Dr. Pham's unauthorized use of the BRUSH DENTISTRY trademark has already caused confusion in the marketplace. Dr. Pham's infringing uses have directly harmed Plaintiff's ability to properly market and advertise its business on the Internet. For example, a Google search for "brush dentistry" returns Plaintiff's website as the first result. Unfortunately, a consumer's eyes are more likely to be drawn to the accompanying map and related business listing – which is directed to Dr. Pham's competing dental practice.



19.     Complicating matters further, Plaintiff's BRUSH DENTISTRY logo has been in continuous use on its website and elsewhere since 2011. Meanwhile, Defendant's website uses a confusingly similar logo with the same "Brush Dentistry" word mark. As an example of actual

confusion in the marks and logos, in October 2016, Plaintiff agreed to sponsor an Azle High School event, a local school in the Plaintiff's area. The school, however, used Defendant's infringing logo on the promotional brochures when identifying Plaintiff as a sponsor. This is the advertisement Azle High School used to promote its golf tournament:



But this is Plaintiff's logo for BRUSH DENTISTRY:



Meanwhile, this is Defendant's infringing "Brush Dentistry" logo:



20. Aside from the capitalization choices, it is readily apparent that these two logos are similar and are easily confused by the relevant public. Azle High School's unintentional use of Defendant's logo when Plaintiff was the actual sponsor of the golf tournament only underscores this existing confusion in the marketplace.

21. These confusing uses also have practical implications within the relevant industry. Certain vendors, such as Care Credit – a major patient credit provider, are likely to confuse or potentially have already confused the two competing dentistry practices based on these similar names. Insurance providers and other vendors are unlikely to conduct in-depth research efforts to distinguish between the two businesses. This is detrimental to Plaintiff's business as mistakes by vendors and insurance entities will reflect negatively on Plaintiff if its clients and customers are encumbered by errors in paperwork and/or delays in payment processing.

C. **Plaintiff's Efforts to Protect its Trademark Rights**

22. Plaintiff has since sought to register its logo as a trademark (in association with the word mark) with the Texas Secretary of State. Plaintiff filed an application to register its trademark on October 3, 2016. In contrast, Dr. Pham does not appear to have claimed any trademark rights to "Brush Dentistry" as a word mark (or the logo). There is no evidence of any applications by Dr. Pham to register "Brush Dentistry" as a trademark with either the Texas Secretary of State or the United States Patent and Trademark Office (USPTO). While Plaintiff

has not yet filed any applications to register BRUSH DENTISTRY as a federal trademark, it nevertheless owns exclusive rights in the mark(s) as a common law trademark. This is protected by Texas state law and also the federal Lanham Act.

23. Since 2011, Brush Dentistry, PLLC has acquired a reputation among its customers and potential clients within the relevant industry throughout the State of Texas and elsewhere. Defendant's unauthorized uses of Plaintiff's trademarks threaten this reputation.

24. As a trademark owner, Plaintiff is required to police against unauthorized uses of its marks in commerce, and has recently been made aware of Dr. Pham's infringing acts. After learning of Defendant's infringement, on September 19, 2016, Plaintiff contacted Defendant to inform him of his likely infringement of the BRUSH DENTISTRY trademark. Plaintiff respectfully asked Dr. Pham to change the name of his business and his domain name based on Plaintiff's status as the senior user of the mark.[3] According to Plaintiff's counsel at the time, on September 28, 2016, Richard Tran, an attorney purportedly representing Dr. Pham, contacted Plaintiff's counsel by telephone to discuss the requests made in the September 19th letter. Mr. Tran did not indicate whether or not Defendant intended to comply with Plaintiff's request for Defendant to change the name of his business and his domain name. Unfortunately, Plaintiff never again heard from Mr. Tran or from Dr. Pham and the Defendant's unauthorized use of "Brush Dentistry" continues to this day.

25. These infringing uses have caused and will continue to cause actual and potential harm to Plaintiff's business and its trademark rights. Unless Dr. Pham ceases the use of Plaintiff's trademarks in all contexts and/or is enjoined by this Court from doing same, Plaintiff will suffer damage and irreparable harm, including loss of reputation and goodwill among its

---

[3] Letter from Molly Buck Richard to Dr. Phuong Pham, dated September 19, 2016 (Exhibit "A" hereto).

existing and potential customers and clients. Plaintiff therefore brings its claims and causes of action before this Court.

## COUNT 1

## TRADEMARK INFRINGEMENT – LANHAM ACT

26. Plaintiff incorporates by reference and repeats the allegations in the preceding paragraphs as if fully set forth herein.

27. Dr. Pham's unauthorized uses of Plaintiff's trademarks, or marks confusingly similar thereto, is likely to cause confusion, mistake, or deception as to the origin, sponsorship or approval, and therefore constitutes trademark infringement in violation of 15 U.S.C. § 1125(a) (also known as Section 43(a) of the Lanham Act).

28. Because of Defendant's conduct, Plaintiff has suffered, will suffer, and continues to suffer damages including, without limitation, the loss of revenue and reputation but for Defendant's infringing acts, in an amount to be proven at trial. Plaintiff has also suffered the loss of goodwill and exclusivity in its trademarks.

29. As a direct and proximate result of Defendant's conduct, Dr. Pham has been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of his unlawful conduct.

30. Unless enjoined by this Court, Dr. Pham's conduct while doing business as "Brush Dentistry" will cause irreparable injury, for which Plaintiff has no adequate remedy at law, in the nature of injury to Plaintiff's reputation and goodwill through its trademarks in addition to the confusion and deception to Plaintiff's customers caused by Defendant. Plaintiff seeks injunctive relief for these infringing acts pursuant to 15 U.S.C. § 1116(a).

31. Dr. Pham's actions were willful, deliberate, and/or intentional and are in disregard for Plaintiff's rights. Plaintiff is therefore entitled to recover treble damages, its reasonable attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117(a).

## COUNT II

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

32. Plaintiff incorporates by reference and repeats the allegations in the preceding paragraphs as if fully set forth herein.

33. Dr. Pham's unauthorized conduct as complained of herein constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) (also known as Section 43(a) of the Lanham Act).

34. Because of Defendant's conduct, Plaintiff has suffered, will suffer, and continues to suffer damages including, without limitation, the loss of revenue and reputation but for Defendant's unfair competition, in an amount to be proven at trial. Plaintiff has also suffered the loss of goodwill and exclusivity in its trademarks through this unfair competition.

35. As a direct and proximate result of Defendant's conduct, Dr. Pham has been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of his unlawful conduct.

36. Unless enjoined by this Court, Dr. Pham's unfair competition in doing business as "Brush Dentistry" will cause irreparable injury, for which Plaintiff has no adequate remedy at law, in the nature of injury to Plaintiff's reputation and goodwill in addition to the confusion and deception to Plaintiff's customers caused by Defendant. Plaintiff seeks injunctive relief for this unfair competition pursuant to 15 U.S.C. § 1116(a).

37. Dr. Pham's actions were willful, deliberate, and/or intentional and are in disregard for Plaintiff's rights. Plaintiff is therefore entitled to recover treble damages, its reasonable attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117(a).

## COUNT III

## UNFAIR COMPETITION – TEXAS

38. Plaintiff incorporates by reference and repeats the allegations in the preceding paragraphs as if fully set forth herein.

39. Dr. Pham's actions complained of herein constitute unfair competition in violation of the laws of the State of Texas, including Tex. Bus. & Com. Code, Chapter 16. Plaintiff has sought to register the design mark and logo for its BRUSH DENTISTRY trademark as of October 3, 2016. Alternatively, Plaintiff maintains its rights to common law unfair competition pursuant to Tex. Bus. & Com. Code § 16.107.

40. Dr. Pham's unauthorized use of a confusingly similar name and mark operates to deceive Plaintiff's customers and the relevant consuming public into accepting Defendant's goods and services in the mistaken belief that they are Plaintiff's services, or that they are sponsored by, connected with, affiliated with, or supplied under the supervision of Plaintiff.

41. Dr. Pham's adoption and use of "Brush Dentistry" in association with his goods and services constitutes unfair competition. Through these uses, Defendant has represented that his goods and services are equated to those supplied by Plaintiff. This has caused a likelihood of confusion or deception.

42. Defendant's actions constitute unfair competition, palming off, passing off, unjust enrichment, and/or misappropriation of Plaintiff's rights under Chapter 16 of the Texas Business and Commerce Code, in addition to Plaintiff's rights under the common law of the State of

Texas. As a result of these unauthorized actions, Plaintiff has suffered damage and will continue to suffer damage, while Dr. Pham unfairly profits at Plaintiff's expense. These actions entitle Plaintiff to Defendant's profits and to damages arising from such unfair competition.

43. Unless Defendant is enjoined, Plaintiff has no adequate remedy at law and will be irreparably harmed by this unfair competition.

44. Dr. Pham's actions have been deliberate, willful, intentional, in bad faith, malicious, and with full knowledge and conscious disregard of Plaintiff's rights. Defendant's actions are designed to cause confusion and to trade off on Plaintiff's goodwill in its trademarks and reputation. This entitles Plaintiff to enhanced damages and attorneys' fees.

## COUNT IV

### TRADEMARK INFRINGEMENT – TEXAS COMMON LAW

45. Plaintiff incorporates by reference and repeats the allegations in the preceding paragraphs as if fully set forth herein.

46. Dr. Pham's unauthorized uses of "Brush Dentistry" constitute common law trademark infringement under the laws of the State of Texas.

47. Dr. Pham's infringement has caused Plaintiff to suffer – and continue to suffer – damages including, without limitation, unjust enrichment damages in an amount to be proven at trial. Additionally, unless enjoined by this Court, Dr. Pham's continued uses of "Brush Dentistry" without authorization will cause Plaintiff irreparable injury, for which Plaintiff has no adequate remedy at law, through the harm to Plaintiff's reputation and goodwill as well as the confusion and deception among its relevant customers through Defendant's unlawful acts.

48. Defendant's actions complained of herein are deliberate, willful, intentional, in bad faith, malicious, and will full knowledge and with disregard to Plaintiff's rights. Pursuant to

Tex. Civ. Prac. & Rem. Code § 41.003, Plaintiff is thereby entitled to enhanced damages and attorneys' fees as this is an exceptional case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brush Dentistry, PLLC prays that:

1. Defendant Dr. Phuong Pham d/b/a "Brush Dentistry" and all those persons in active concert or participation with Dr. Pham in conjunction with his business under that name, be permanently enjoyed from and ordered to:

   a. Cease using Plaintiff's BRUSH DENTISTRY trademarks and logos and related marks, and any other mark that is confusing similar to any of Plaintiff's marks and logos; cease using Plaintiff's trademarks or any other mark that is likely to cause confusion, in any manner that violates Plaintiff's rights; and modify, change or eliminate all "Brush Dentistry" signage and advertising to preclude infringement of Plaintiff's trademarks and any confusingly similar mark(s); and

   b. Compel the production and destruction of all infringing works, business materials, brochures, websites, internet materials, webpages, advertising, signage, logos, business cards, or any promotional materials using "Brush Dentistry" or any confusingly similar marks in violation of Plaintiff's rights.

2. Plaintiff be awarded all damages it sustains as a result of Dr. Pham's infringement and unfair competition through his business activities under the name "Brush Dentistry" and that all damages be trebled.

3. An accounting to determine Defendant Dr. Pham's d/b/a "Brush Dentistry" profits resulting from the unlawful conduct complained of herein, and that any such profits be turned over and paid to Plaintiff and increased as the Court finds to be reasonable and just.

4. Plaintiff be awarded any statutory damages, costs, and fees as provided for under the Lanham Act or any applicable Texas statutes.

5. Plaintiff recover its costs of this action in addition to any prejudgment and post-judgment interest and attorneys' fees as provided for by the Federal Rules of Civil Procedure.

6. Plaintiff be awarded its reasonable and necessary attorneys' fees and the costs of this action pursuant to the relevant trademarks laws, Texas state laws, and/or the Texas common law.

7. Plaintiff be awarded and recover any such other and further relief as the Court may deem just and appropriate. *See also* Fed. R. Civ. P. 54(c).

Dated: November 16, 2016

                                    Respectfully submitted,

                                    THE LAW OFFICES OF DAVID L. CLARK

By: _____
       David L. Clark
       Lead Attorney
       Texas Bar No. 24036367
       S.D. Tex. No. 613938
       (832) 821-5715 – telephone
       (888) 498-8495 – facsimile
       david@law-dlc.com
       http://www.law-dlc.com

       ATTORNEY FOR PLAINTIFF
       BRUSH DENTISTRY, PLLC